IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES H. FISHER,

    Plaintiff,                   No. CIV S-96-1850 DFL PAN P

  vs.

JAMES GOMEZ, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner, without counsel, seeking relief pursuant to 42 U.S.C. § 1983. He has filed a document styled, "Motion to Set Aside Trial Date."

        Plaintiff requests the court to continue the trial date and to request defendants to notify the court of whether they would consider settling this matter. Since plaintiff served his motion on defendants' counsel, he has himself made the inquiry. The court will not continue the trial date absent a showing of good cause. See Fed. R. Civ. P. 16(b).

        Plaintiff requests the court to enter judgment as a matter of law against defendant Harris, asserting:

> Plaintiff believes, if the record is correct and the position of the defendant is that he is without counsel, which means that the defendant has defaulted, plaintiff seeks a judgment as a matter of law against D. Harris, and plaintiff seeks all the relief he asked for

against this defendant, and any and all other relief the court deems appropriate.

Plaintiff's Motion at 3.

Plaintiff does not allege grounds sufficient for judgment as a matter of law with respect to his remaining claim against D. Harris, i.e., that D. Harris used excessive force against plaintiff. See Fed. R. Civ. P. 56.

Plaintiff requests the court to permit him to conduct additional discovery. Discovery closed February 4, 2000. To conduct additional discovery, plaintiff must show good cause for modifying the schedule made October 21, 1999. See Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff wants to obtain documentary evidence from defendants' personnel files showing defendants have used excessive force against other prisoners since discovery closed. Plaintiff concedes he timely obtained discovery of similar information. The court finds that the possibility of new evidence of a party's character does not constitute good cause for modifying the schedule.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's April 4, 2006, motion to set aside trial date is denied; and

2. Within 20 days of the date of this order, plaintiff shall file and serve a pretrial statement. Defendants shall file their pretrial statement 15 days thereafter.

DATED: May 4, 2006.

UNITED STATES MAGISTRATE JUDGE

\004
\fish1850.dny motion