IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES H. FISHER,

        Plaintiff,                      No. CIV S-96-1850 RRB EFB P

    vs.

JAMES GOMEZ, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Plaintiff filed this case on October 22, 1996, and it proceeds on his January 28, 1998, third amended complaint. The two remaining claims are as follows: (1) a claim that on May 17, 1997, defendants McDonald, J.D. Harris, J. Campos, D. Harris and B. Edwards removed plaintiff from his cell, shackled him and beat him by hitting him with a billy-club and kicking him, causing severe injuries in violation of the Eighth Amendment; and (2) a claim that defendant T. McDonald used the force described above to retaliate against plaintiff for plaintiff's having filed grievances and lawsuits.

        The matter is currently before the court on defendants' motion to dismiss pursuant to unenumerated Rule 12(b)(6) upon the ground plaintiff failed to exhaust available administrative remedies. *See* 42 U.S.C. 1997e(a). For the reasons explained below, the court finds plaintiff

failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e and recommends that this action be dismissed without prejudice.

Defendants style their motion as a renewed motion to dismiss. However, the motion actually seeks reconsideration of a prior order denying an earlier motion to dismiss for failure to exhaust. Accordingly, it will be treated as a motion for reconsideration. The instant motion is based on changes in the law as articulated in *Booth v. Churner*, 532 U.S. 731 (2001), and *McKinney v. Carey*, 311 F.3d 1198 (2002), which are discussed below.

The statute pursuant to which defendants seek dismissal, 42 U.S.C. § 1997e(a), provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Defendants filed their first motion to dismiss on this ground on June 22, 1998. *See* Defs.' Mot. to Dism., filed June 22, 1998. That motion asserted that with respect to one claim, which no longer is at issue, petitioner failed to exhaust before commencing this action, and with respect to the claims that remain in issue, plaintiff failed to file a claim with the California Board of Control. *See Id.*, at 9-12. On December 17, 1998, the court found that plaintiff did not have to exhaust available administrative remedies with respect to any claim for which he sought only damages and he did not have to file a claim with the California Board of Control to satisfy 42 U.S.C. § 1997e(a). *See* Docket #106 at 2-3; Docket # 53. It also found that defendants conceded that plaintiff exhausted his excessive force claims.[1] *Id.* This may have been because plaintiff submitted documents demonstrating that there was a Director's Level decision on November 7, 1997, which as explained below, exhausted the available remedies. In any event, the court found that plaintiff satisfied the exhaustion requirement, and denied defendants' motion. However,

---

[1] This ruling was made by a different District Judge than the one presently assigned to this case based on findings and recommendations made by a different Magistrate Judge than the undersigned. *See* Docket # 46, 53.

defendants did not explicitly concede exhaustion; they merely argued that § 1997e(a) required presentation of claims to the California Board of Control. The court notes that in their answer, defendants allege as an affirmative defense that plaintiff failed to exhaust available administrative remedies. Defs.' Answer, filed Jan. 13, 1999, at 8.

On April 7, 2000, defendants moved for summary judgment on two of plaintiff's claims, including the claim that T. McDonald used excessive force to retaliate against him for exercising his First Amendment rights. Defendants did not seek summary judgment on the excessive force claims. On May 29, 2001, the Supreme Court decided *Booth v. Churner*, 532 U.S. 731 (2001), which invalidated this court's ruling that plaintiff did not need to exhaust claims for which he sought damages only. On December 20, 2001, the previous magistrate judge recommended that the motion for summary judgment be granted in part and denied in part. On March 20, 2002, the district judge adopted in part and rejected in part these findings and recommendations, and remanded the matter to the magistrate judge for further consideration. On December 5, 2002, the Ninth Circuit decided *McKinney v. Carey*, 311 F.3d 1198 (2002), in which it held that a prisoner must exhaust available administrative remedies *before* commencing a civil rights action and the federal court will not stay an action pending exhaustion. On remand, the magistrate judge issued additional findings and recommendations on March 18, 2003 that the motion for summary judgment be granted. The district judge adopted these findings and recommendations on February 2, 2004. As of that date, the two claims identified above remained in this action, and should have proceeded to trial. However, judgment erroneously was entered on February 2, 2004, and through clerical error was not vacated until March 8, 2006.[2] On March 22, 2006, the court set a pretrial schedule and a trial date for the remaining claims. Trial was scheduled to begin on November 6, 2006, but the court vacated that date pending resolution of the instant

---

[2] The court notes that on July 19, 2005, plaintiff attempted to alert the court to the problem, and served a notice on defendants. However, defendants also knew that judgment should not have been entered because the remaining live issues put them in the position of defending against the allegations in trial. However, defendants remained silent.

3

motion.

As an initial matter, the court must decide whether defendants' delay in seeking reconsideration of the 1998 order precludes this court from revisiting the issue of exhaustion. Defendants assert, without authority, that it is timely because at the time *Booth* and *McKinney* were decided, their motion for summary judgment was pending. However, defendants did not seek summary judgment on the excessive force claim, which they now seek to have dismissed. Furthermore, no rule precludes a party from seeking reconsideration of an earlier order based on a change in the law simply because a dispositive motion is pending. Therefore, defendants should have filed their motion promptly upon becoming aware of the decision in *Booth*. Nonetheless, neither the Federal Rules of Civil Procedure nor the Local Rules of this Court specify a limit on the time for seeking reconsideration of an interlocutory order issued by a district judge. Instead, the court has the inherent discretion to reconsider an interlocutory order any time before judgment is entered. *See School Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958). The exhaustion requirement is an affirmative defense that defendants asserted in their answer, and which they raise in their pretrial statement. Defs.' Pretrial Stmt., filed Sept. 28, 2006, at 3. Despite the delay in bringing the instant motion, the court finds that defendants did not intend to abandon this defense. The district judge's interlocutory order denying the June 22, 1998, motion is final, and the court exercises its discretion to revisit the question of exhaustion.

The holdings in *Booth* and *McKinney* bear on two narrow questions: whether plaintiff was required to exhaust, and if so, whether he actually exhausted before he brought this action. Therefore, the court addresses only these two questions.

Clearly, plaintiff was required to exhaust. A prisoner may bring no action under 42 U.S.C. § 1983 or any other federal law until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). In 1998, when the court ruled on defendants' first motion, it was unclear whether prisoners seeking damages were exempt from the requirements of 42 U.S.C. § 1997e(a).

////

In June, 1999, the Ninth Circuit found that prisoners seeking only damages were excepted from the requirement as long as damages could not be awarded through the administrative remedy available to them. *See Rumbles v. Hill*, 182 F.3d 1064, 1069 (9th Cir. 1999). However, the Supreme Court abrogated *Rumbles*, holding that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Subsequent to the court's ruling on defendants' initial motion, it has also become clear that exhaustion must be complete before commencing the civil action. *McKinney v. Carey*, 311 F.3d 1198, 1199 (2002). Moreover, it is now clear that in the case of a prisoner proceeding *in forma pauperis*, an action commences when the initial complaint is filed, and not when the court rules on the *in forma pauperis* application. *Vaden v. Summerhill*, 449 F.3d 1047,1050 (9th Cir. 2006). As discussed below, plaintiff has not met that requirement here.

Defendants have the burden of proving that plaintiff did not exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). California has an administrative remedy for prisoners. Prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id.*, at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id*., at § 3084.5. A division head reviews appeals on the first formal level, *see id.*, at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See Id*., at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id.*, at § 3084.1(a).

Here, plaintiff filed the initial complaint on October 22, 1996. The operative complaint, which plaintiff filed January 28, 1998, alleges that the defendants violated his rights on May 17,

1997. These allegations, for obvious reasons, were not included in the initial complaint. Furthermore, it is, as defendants note, impossible for plaintiff to have completed the grievance process before filing the initial complaint. A review of plaintiff's opposition to defendants' initial motion to dismiss shows that the decision denying redress on the Director's Level of Review issued on November 7, 1997. As stated above, it is now established that an action commences when the initial papers are submitted to the court, not when a court rules on an *in forma pauperis* application. *Vaden*, 449 F.3d at 1050. Under *Vaden*, it is not the filing of the amended complaint that determines the time for exhaustion to have been completed. It must be complete by the time he commences the action by submitting his initial complaint. Plaintiff submitted his initial complaint before exhausting available administrative remedies with respect to his claims that defendants violated his rights on May 17, 1997. Therefore, plaintiff has not exhausted under 42 U.S.C. § 1997e(a).

The court finds that plaintiff failed to exhaust available administrative remedies before commencing this action and the action must be dismissed without prejudice.

Accordingly, it is hereby RECOMMENDED that defendants' September 28, 2006, motion to dismiss, construed as a motion for reconsideration, be granted and that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 20, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6